IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA,  Plaintiff,  v.  BLAKE ARCAND,  Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S [48] MOTION TO SUPPRESS**  Case No. 2:16-CR-00442  District Judge David Nuffer |
|---|---|

Defendant Blake Arcand effectively seeks the reconsideration[1] of his previous Motion to Suppress[2] brought pursuant to the Fourth Amendment to the United States Constitution. Mr. Arcand argues that the prior decision[3] denying that previous suppression motion should include the conclusion of law that the language in the statute[4] that served as the basis for law enforcement to perform a traffic stop on Mr. Arcand's vehicle cannot be interpreted to include slowing traffic.[5] This conclusion then would permit the suppression of evidence seized during that traffic stop because no traffic violation could have occurred and the law enforcement officer

---

[1] Motion to Suppress Evidence, docket no. 48, filed July 21, 2017. Reconsideration was specified in the subsequently filed Supplemental Memorandum. *See* Supplemental Memorandum at 7, docket no. 53, filed July 26, 2017.

[2] Motion to Suppress Evidence Based on Illegal Detention and Vehicle Search, docket no. 13, filed September 1, 2016.

[3] Findings of Fact, Conclusions of Law, and Order Denying Defendant's Motion to Suppress ("Findings of Fact and Conclusions of Law"), docket no. 44, filed June 21, 2017.

[4] Utah Code Ann. § 41-6a-711

[5] Supplemental Memorandum at 7.

would not have justified performing the traffic stop.[6] Because Mr. Arcand has not provided an adequate basis for reconsideration of his suppression motion, the motion[7] is DENIED.

## BACKGROUND

Mr. Arcand previously moved to suppress the evidence discovered during an August 16, 2016 traffic stop and search of his rented automobile.[8] The traffic offense that Mr. Arcand committed was a violation of Utah Code Ann. § 41-6a-711, which provides that:

(1) The operator of a vehicle:

(a) may not follow another vehicle more closely than is reasonable and prudent, having regard for the: (i) speed of the vehicles; (ii) traffic upon the highway; and (iii) condition of the highway; and

(b) shall follow at a distance so that at least two seconds elapse before reaching the location of the vehicle directly in front of the operator's vehicle.

(2) Subsection (1)(b) does not apply to:

(a) . . . congested traffic conditions resulting in prevailing vehicle speeds of less than 35 miles per hour[.][9]

Mr. Arcand testified at the evidentiary hearing[10] that "just prior to the stop, traffic in his lane was speeding up to 45 miles per hour."[11] At that time Mr. Arcand was following a truck with a trailer.[12] Unified Police Department Officer William Stone (who had been instructed to perform a wall stop of vehicle matching the description of Mr. Arcand's vehicle)[13] followed Mr.

---

[6] *Id.*

[7] Motion to Suppress Evidence, docket no. 48, filed July 21, 2017.

[8] Motion to Suppress Evidence Based on Illegal Detention and Vehicle Search, docket no. 13, filed September 1, 2016.

[9] Utah Code Ann. § 41-6a-711

[10] Minute Entry for proceedings held before Judge David Nuffer, docket no. 36, filed April 17, 2017.

[11] Findings of Fact and Conclusions of Law at 8.

[12] *Id.* at 7.

[13] *Id.* at 4–5.

Arcand's vehicle for approximately one minute, taking note of the time gap between the trailer and Mr. Arcand's vehicle.[14] Officer Stone attempted counting to two seconds at least twice while observing Mr. Arcand's vehicle and the trailer.[15] Officer Stone observed and reported that the time gap was "less than two seconds" and then proceeded to initiate a traffic stop of Mr. Arcand's vehicle for following too closely.[16]

After the evidentiary hearing, it was concluded that "[u]nder the plain language of this statute, drivers may not follow more closely than is reasonable and prudent under the circumstances, but never closer than two seconds when prevailing vehicle speeds exceed 35 miles per hour."[17] It was also concluded that "the testimony of Officer Stone . . . and Mr. Arcand [was] consistent for purposes of the application of the two second rule of Utah Code Ann. § 41-6a-711—the prevailing vehicle speeds at the time Officer Stone observed Mr. Arcand's vehicle following the trailer too closely were greater than 35 miles per hours, approximately 45 miles per hour, and Mr. Arcand's vehicle was approximately one to two car lengths, or 25 to 40 feet, behind the trailer."[18]

In support of his motion, Mr. Arcand "does not dispute that an operator of a vehicle is never allowed to be closer than two seconds when prevailing speeds exceed 35 miles per hour."[19] But he contends that "if traffic is congested and there is speeding up and slowing down that all occurs at rates of speed of over 35 miles per hour . . . it is impossible to comply with [Utah Code

---

[14] *Id.* at 9.

[15] *Id*.

[16] *Id.*

[17] *Id.* at 11.

[18] *Id.* at 12.

[19] Supplemental Memorandum at 4.

Ann. § 41-6a-711]."[20] Because of this impossibility, Mr.Arcand argues that the previous legal conclusions should be reconsidered to include the determination that "the phrase in the statute of 'prevailing traffic speeds' does not include slowing traffic"[21] and that "[n]o reasonable officer would feel justified in stopping a vehicle for driving conduct that could not have been avoided and for violation of a statute for which there was no intent to violate."[22]

## DISCUSSION

Although Mr. Arcand's Motion bore the caption "Motion to Suppress," the supplemental memorandum he was directed to file[23] clarifies that he seeks reconsideration of the prior ruling denying his motion to suppress.[24] Because "the substance of the motion, not its form or label, controls its disposition[,]"[25] Mr. Arcand's motion will be analyzed under the standard applicable to motions to reconsider.

"Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them."[26] The specific grounds that permit granting a motion to reconsider include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[27] One of these factors must be present because "[a] motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised

---

[20] *Id.*

[21] *Id.* at 7.

[22] *Id.* at 6.

[23] *See* Docket Text Order Taking Under Advisement [48] Motion to Suppress as to Blake Arcand, docket no. 49, filed July 21, 2017.

[24] Supplemental Memorandum at 7.

[25] *United States v. Amado*, 841 F.3d 867, 871 (10th Cir. 2016).

[26] *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

[27] *Id.*

earlier."[28] Instead of providing notice of any changes to the controlling law, new evidence,[29] or the argument that the previous ruling was clearly erroneous or was manifestly unjust, Mr. Arcand seeks to relitigate the very issues that were addressed during the previous evidentiary hearing on his motion to suppress and advance arguments that he should have more fully asserted earlier.[30] Without showing one of the required factors, reconsideration is inappropriate and the Motion must be denied.

If Mr. Arcand's argument were considered on the merits, it would be rejected. He argues that "if traffic is congested and there is speeding up and slowing down that all occurs at rates of speed of over 35 miles per hour . . . it is impossible to comply with [Utah Code Ann. § 41-6a-711]."[31] "If 'prevailing' is construed as consistent, steady or evenly flowing then it is reasonable to require compliance with the statute."[32] Yet the statute only excludes "congested traffic conditions resulting in prevailing vehicle speeds of less than 35 miles per hour[.]"[33] Mr. Arcand may be arguing that speeding up and slowing down in congested traffic means there is no "prevailing vehicle speed." But the statute recognizes the possibility of erratic traffic by referring to "prevailing speeds."[34] Slowing traffic is subject to the statute.

He also makes a factual argument.

---

[28] *Id.*

[29] Mr. Arcand, in fact, acknowledged that "no additional testimony or evidence is needed for the court to make an informed decision . . . ." Supp Mem at 7.

[30] Defense counsel attempted to make the argument that phrase in the statute "prevailing speed" cannot include slowing or "inconsistent" speeds at the evidentiary hearing. That was recognized as the argument of a legal point inconsistent with the factual finding that Mr. Arcand's vehicle was traveling between 40 and 45 miles per hour. *See* Official Transcript of Motion to Suppress as to Blake Arcand held on April 17, 2017 before Judge David Nuffer, at 94:16–95:6, docket no. 39 filed April 24, 2017.

[31] Supplemental Memorandum at 4.

[32] *Id.*

[33] Utah Code Ann. § 41-6a-711

[34] *Id.*

> Assuming that the operator of a vehicle attempted to allow 130 feet distance from the vehicle in front of him under the conditions described, it is not just likely, but rather it is probable that under the conditions which this court found to exist at the time of the stop, another vehicle would merge between the two vehicles, thus, making it impossible to comply with the two second requirement.[35]

Therefore, Mr. Arcand argues "no reasonable officer would be justified in a belief that a violation occurred because it was impossible to comply with the statute in the conditions existing at the time of the stop[.]"[36] This argument is rejected.

The two cases cited by Arcand are not helpful. *United States v. Longoria*[37] dealt with an officer's proven mistake of a fact critical to reasonable suspicion that would have justified a stop, and *United States v. Diaz*[38] reversed a lower court's finding that compliance with a traffic law was "impossible".[39]

## ORDER

IT IS HEREBY ORDERED that Mr. Arcand's Motion[40] is DENIED.

Signed August 17, 2017.

BY THE COURT

_____
District Judge David Nuffer

---

[35] Supplemental Memorandum at 5.

[36] Supplemental Memorandum at 7.

[37] 183 F. Supp. 3d 1164 (N.D. Fla. 2016).

[38] 802 F.3d 234 (2d Cir. 2015).

[39] *Id.* at 237.

[40] Motion to Suppress Evidence, docket no. 48, filed July 21, 2017.